This case is before the court on plaintiffs’ motion for reconsideration of our October 3,1980, order, 225 Ct.Cl. 633, denying their earilier motion to transfer to the United States District Court for the District of Utah. In the alternative, plaintiffs move for leave to amend their first amended petition to include Valley Bank & Trust Company and the administrator of the Small Business Administration (SBA) as co-defendants:
In the event this Honorable Court denies the above two motions, then in the alternative plaintiffs submit that this Honorable Court clarify its October 3, 1980 Order with respect to its effect on Valley Bank and, if necessary, formally transfer that portion of the case involving Valley Bank to the District Court.
After a careful review of all the parties’ submissions in this case, we have decided not to act at the present time on any of the motions before us. Instead, we suspend proceedings on the action in this court with the hope that the United States district court will resume adjudication of *616 plaintiffs’ claims both against Valley Bank and the SBA. It is our belief that all these claims should be resolved in a single action in a single forum and that the appropriate forum for this is the district court.[1]
It is our opinion, with all due respect to the district court, that that court was without authority to transfer the case here. Section 1406(c) of 28 U.S.C. (1976) provides that a prerequisite to such a transfer is that the case be "within the exclusive jurisdiction of the Court of Claims.” It appears that plaintiffs’ claims against the SBA were not within the exclusive jurisdiction of this court at the time they were transferred here. Rather, the district court had concurrent jurisdiction of them. Section 634(b) of 15 U.S.C. (1976) provides in pertinent part:
(b) Powers of Administrator
In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator [of the SBA] may—
(1) sue and be sued * * * in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy ***[.] [Emphasis supplied.]
Hence, it appears that, from the inception of the removal of plaintiffs’ case from a Utah state court to the United States district court, the latter has had jurisdiction of plaintiffs’ claims both against Valley Bank and the United States.
In view of the provisions of section 634(b), supra, apparently not heretofore brought to the attention of the United States District Court for the District of Utah, it is our hope that the district court will vacate its order transferring plaintiffs’ case to this court and will resume adjudication of the entire case. Plaintiffs are directed to move the district court to vacate its order. In the meantime, proceedings on plaintiffs’ action in the Court of Claims are suspended. The suspension is to remain in effect until the district court acts on plaintiffs’ motion to vacate. Plaintiffs are to apprise the Court of Claims every 3 months from the date of this order *617 of the status of their motion to vacate. If that motion is allowed we will direct the Clerk of the United States Court of Claims to transfer the file to the United States District Court for the District of Utah.
it is therefore ordered that the proceedings herein are suspended until the district court acts on plaintiffs’ motion to vacate, or until this court orders otherwise.
it is further ordered that plaintiffs are to apprise the Clerk of the Court of Claims every 3 months from the date of this order of the status of their motion to vacate.

 Plaintiffs’ contractual claims against Valley Bank are not cognizable in this court. United States v. Sherwood, 312 U.S. 584 (1941); Rolls-Royce Ltd. v. United States, 176 Ct. Cl. 694, 698, 364 F.2d 415, 418 (1966).