This pay case, which was submitted without oral argument, is before the court on cross-motions for summary judgment (the defendant’s motion is for partial judgment). There is no dispute as to the facts. In a prior action, which came to it from the Northern District of West Virginia, the Court of Appeals for the Fourth Circuit held that Mr. Phillips, a civil servant, had been improperly removed from his federal post and directed his reinstatement. Phillips v. Bergland, 586 F.2d 1007 (1978). Thereafter, on remand, the District Court ordered plaintiff reinstated and referred the issue of back pay for the improper removal to this court. Plaintiff was reinstated to his former position of GS-830-12, step 9. This suit was then filed here. Defendant does not here dispute any of the factual determinations made in the Fourth Circuit’s decision.
The first issue in this court is the amount of back pay due plaintiff in the position from which he was separated. The parties agreed that that gross sum is $142,042.00. This must, however, be offset by actual outside earnings or by any amount plaintiff could have reasonably earned by seeking and obtaining employment at the minimum wage, under the principles set forth in Power v. United States, 220 Ct. Cl. 157, 166-70, 597 F.2d 258, 263-65 (1979), cert. denied, 444 U.S. 1044 (1980). Appropriate reductions must also be made for such things as income taxes, retirement, and life insurance. This matter of the net award for back pay will therefore have to be remanded to a trial judge for determination under Rule 131(c)(2).
The second issue is plaintiffs entitlement to promotion to the pay scale and rank that he would have been expected to attain had his employment not been improperly terminated in 1974. That requirement was part of the District Court’s order of reinstatement, and plaintiff contends that that part of the order has not been fulfilled by the agency. Plaintiff now admits, however, that this court cannot enforce that part of the District Court’s order (see United *534 States v. Testan, 424 U.S. 392 (1976)), and asks instead that we refer this matter back to the District Court. It is unnecessary to consider whether we should order such a transfer under the transfer statute, 28 U.S.C. § 1506. Plaintiff can readily apply to the District Court for relief if that court’s order has not been properly followed by the agency.
Plaintiffs third demand is for attorney’s fees. The only possibility for an allowance of attorney’s fees by this court would be under the Civil Service Reform Act. But any such claim is barred by Nibali v. United States, 225 Ct.Cl. 8, 634 F.2d 494 (1980), which held that civilian pay cases pending before this court on the effective date (January 11, 1979) of that Act could not take advantage of the provisions of that statute allowing attorney’s fees in certain circumstances. That conclusion applies as well to federal personnel suits pending in other courts — as plaintiffs proceedings were pending in the Fourth Circuit — on the effective date of the Civil Service Reform Act. There is absolutely no reason in the statute or in principle why we should be authorized to award attorney’s fees in cases then pending in other courts but not those pending in our own.
Finally, plaintiff requests costs, but as a matter of practice this court has not granted costs to any party. See Rasmussen v. United States, 211 Ct. Cl. 260, 275 n.20, 543 F.2d 134, 142 n.20 (1976). We are asked at least to recognize and award a judgment for the costs of $370 said to have been previously allowed in the Fourth Circuit. Defendant agrees that, if that sum is established as part of the sums owed to plaintiff by defendant, the trial judge on remand can include that sum in the amount of recovery. But defendant objects to our award of any sum as a judgment specifically for costs. We agree and authorize the trial judge to determine the entire sum owed by defendant as a result of the Fourth Circuit proceedings, including any unpaid amount owed to plaintiff because of costs allowed in that Circuit.
Accordingly, it is ordered that plaintiffs and defendant’s motions for summary judgment are granted and denied in accordance with this order and the case is remanded to the trial judge under Rule 131(c)(2) for a determination pursu *535 ant to this order of the amount of recovery. Those parts of the petition on which this order holds that there can be no recovery are dismissed.