Nathan SMITH

v.

The UNITED STATES.

No. 38–80C.

United States Court of Claims.

June 17, 1981.

L. Bruce Hoffman, Philadelphia, Pa., for plaintiff. Howard M. Goldsmith, Philadelphia, Pa., atty. of record.

Sara V. Greenberg, Washington, D. C., with whom was Acting Asst. Atty. Gen. Thomas S. Martin, Washington, D. C., for defendant.

Before KUNZIG, BENNETT and SMITH, Judges.

BENNETT, Judge:

This case presents the court with a procedural tangle which again illustrates one of its needs for declaratory judgment authority such as other courts of the United States have, 28 U.S.C. § 2201 (1976), but denied to the Court of Claims by *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969), except where Congress has expressly granted such authority as it has done, for instance, in tax cases involving exempt organizations. 28 U.S.C. § 1507 (1976).

In the instant case, plaintiff was denied conversion from a temporary to a permanent status as a career deputy United States Marshal and lost his temporary position in a reduction in force. He sued in the United States District Court for the Eastern District of Pennsylvania. The court issued an unreported memorandum decision in the case, *Smith v. United States Civil Serv. Comm'n*, Civ. No. 74–245 (E.D. Pa. Oct. 31, 1979). The court agreed with plaintiff that (1) the administrative action denying him conversion to permanent status was arbitrary and capricious, (2) the technical reasons for removing him in the reduction in force were a sham to mask the real reason, (3) the decision of the Civil Service Commission upholding the agency action was an abuse of discretion, and (4) the actions removing him were unlawful and he was entitled to reinstatement and conversion to permanent status. The district court did not actually grant plaintiff any relief, however, because it lacked subject matter jurisdiction over that part of plaintiff's claim for monetary relief which exceeded the district court's $10,000 Tucker Act limitation. 28 U.S.C. § 1346(a)(2) (1976 & Supp.III 1979). The district court believed that the monetary and nonmonetary claims were not severable and it therefore dismissed the entire case, without prejudice, and transferred it to the Court of Claims. A new petition was then filed here, both parties moved for summary judgment, and we have heard oral argument on the motions, which we deny.

The district court took the action it did on the authority of *Cook v. Arentzen*, 582 F.2d 870, 878 (4th Cir. 1978), which states:

* * * we are of [the] opinion that when she [plaintiff] insists on coupling her claim for injunctive or declaratory relief with her claim for damages, her proper jurisdictional base is 28 U.S.C. § 1491 (in the Court of Claims) * * *

With all due respect for the district court, and with sympathy for the difficulties facing it, we believe that the above quote from the *Cook* case is not accurate, and that the

district court should not have transferred the case here, misunderstanding the idiosyncrasies of our jurisdiction which were not explained to it. *See also Clark v. United States*, 596 F.2d 252 (7th Cir. 1979) (following *Cook v. Arentzen, supra* ), and *Clark v. United States*, 652 F.2d 69 (1981).

■ In federal civilian employee discharge cases, our jurisdiction derives from the Tucker Act, 28 U.S.C. § 1491 (1976 & Supp.III 1979) (amended 1980). The Tucker Act allows us to render money judgments against the United States in any amount. We can also restore the employee to the position he was discharged from where appropriate, but only as an incident to a money judgment. These cases are of the type which require a waiver of sovereign immunity to a money judgment by a statute which "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976); *Eastport S.S. Corp. v. United States*, 178 Ct. Cl. 599, 607, 372 F.2d 1002, 1009 (1967). The statute which meets the requirement is the Back Pay Act, 5 U.S.C. § 5596 (1976 & Supp.III 1979) (amended 1980). However, the peculiarities of that Act are such that it only provides for back pay for "an unjustified or unwarranted personnel action that has resulted in the withdrawal or reduction of all or a part of the pay * * * of the employee" from the position from which the employee was discharged. Hence, in claims like the instant one, where the employee asserts a right to a position to which he was never appointed, sovereign immunity has not been waived. Thus, the employee cannot get money damages to the extent his claim is for back pay for a position to which he was not appointed. *United States v. Testan, supra*, 424 U.S. at 402, 406, 96 S.Ct. at 955, 957. The *Testan* case serves as a major limitation to our jurisdiction in this type of case. However, *Testan* left open the possibility of obtaining mandamus relief in the

proper federal district court under 28 U.S.C. § 1361 (1976). The Court noted that the district court might have power to order the employee reclassified to a new position, but that such relief would be prospective only, 424 U.S. at 403, 96 S.Ct. at 955, and that our remand statute is not jurisdictional so does not afford similar relief in this court, 424 U.S. at 404, 96 S.Ct. at 956. One final aspect to our jurisdiction relevant here is that we can enter money judgments in excess of $10,000 where the employee has successfully sued for reinstatement in the district court.[1] We still could not give the employee back pay for a position to which he was not appointed, of course, but the employee could come to our court armed with whatever collateral estoppel effects the district court decision would have. *Edgar v. United States*, 145 Ct.Cl. 9, 171 F.Supp. 243 (1959). Furthermore, such a procedure gives the district courts a free hand to render judgment on the employee's nonmonetary claims, whether for mere restoration or even restoration and reclassification. This is so even where the monetary claims exceed the district court's jurisdictional $10,000 limitation and the district court cannot grant relief on the latter claims. *Giordano v. Roudebush*, 617 F.2d 511 (8th Cir. 1980).

Some of the above principles are illustrated in our precedents. In *O'Brien v. United States*, 124 Ct.Cl. 655 (1953), plaintiff came to the Court of Claims seeking back pay after the United States District Court for the District of Columbia had reversed the Civil Service Commission and held in plaintiff's favor. The district court held that plaintiff's discharge as a civilian employee of the Department of the Navy was illegal and void and in violation of section 14 of the Veterans' Preference Act of 1944. The district court then ordered plaintiff restored to the position from which he had been discharged, or to an equivalent position, with like rights and emoluments. In the

---

1. A note of caution is necessary: where such a case for nonmonetary relief is prosecuted to judgment in the district court and *then* a petition is filed here for monetary relief, relying on the district court judgment, there conceivably could be a statute of limitations problem in our court.

Court of Claims, the Honorable Warren E. Burger, then Assistant Attorney General, was on the brief for the Government. In this court, the argument was over how to figure the amount of plaintiff's recovery and under what statute. The plaintiff then received a judgment for his back pay.

More recently there is the case of *Phillips v. United States*, Ct. Cl. No. 69–80C (order entered March 3, 1981). There plaintiff came to the Court of Claims seeking back pay after his reinstatement to his position with the Government, on account of his improper removal, had been ordered by the Court of Appeals for the Fourth Circuit. *Phillips v. Bergland*, 586 F.2d 1007 (4th Cir. 1978). Plaintiff was awarded back pay by the Court of Claims, less the usual offsets for his interim outside earnings and for such things as income taxes, retirement and life insurance deductions. The Court of Claims, however, refused to pay him for any amounts deriving from a promotion ordered by the district court, after remand by the Fourth Circuit, but apparently not given by the agency. Plaintiff agreed that this court could not enforce that part of the district court's order on account of the *Testan* decision, *supra*, but asked that we refer the matter back to the district court. We suggested that he apply himself for relief to that court if the agency refused to comply with the court's order.

The above analysis will indicate that, in the case now before us, there are at least these conceivable types of relief:

(1) Claim for a temporary restraining order: only the district court has that power; we do not.

(2) Mandamus: again, the district court has that power; we do not.

(3) Declaratory judgment under the Declaratory Judgment Act: only the district court has that power; we do not.

(4) Reclassification to a new position: the district court has that power; we do not.

(5) Back pay for the new reclassified position: no court has that power after the Supreme Court's decision in *Testan*.

(6) Restoration to the old position: both the district court and the Court of Claims have that power.

(7) Back pay for the old position: the district court can award back pay only up to $10,000; there is no jurisdictional limitation on amounts the Court of Claims can award.

We note here only what the respective courts have the power to do, without in any way passing on or intimating whether any particular relief is appropriate in the instant case.[2]

We are now in a position to indicate why it is we believe the district court should not have transferred the case to this court. First, we cannot order plaintiff converted to the permanent status he demands although the district court can do so. Second, the statute permitting transfer from the district court to this court is of limited application and does not apply here. That statute, 28 U.S.C. § 1406(c) (1976), reads in part:

If a case within the exclusive jurisdiction of the Court of Claims is filed in a district court, the district court shall, if it be in the interest of justice, transfer such case to the Court of Claims * * *

Here the case is not within our exclusive jurisdiction, as indicated above. The question then is what to do with the case. We cannot transfer the case back to the district court. Our transfer statute, 28 U.S.C. § 1506 (1976), reads, in pertinent part:

If a case within the exclusive jurisdiction of the district courts is filed in the Court of Claims, the Court of Claims shall, if it be in the interest of justice, transfer such case to any district court in which it could have been brought at the time such case was filed * * *

2. Much of the preceding discussion will be inapplicable to cases subject to the Civil Service Reform Act of 1978 under 5 U.S.C. § 7703(b)(1) (Supp.III 1979) since petitions for review of decisions of the Merit Systems Protection Board pursuant to section 7703(b)(1) will lie in the Court of Claims and the various United States courts of appeals rather than in district court.

Our dilemma is the same as the district court's but in reverse. The case is not within the exclusive jurisdiction of the district courts, so the transfer statute is inapplicable.

We think the proper procedure to follow is the one disclosed by *Shelley Irrigation Development, Inc. v. United States*, Ct.Cl. No. 116–78 (order entered Jan. 30, 1981). In that case, as now, the plaintiffs' claims were not within the exclusive jurisdiction of the Court of Claims at the time they were transferred here, as a transfer pursuant to 28 U.S.C. § 1406(c) requires. We directed the plaintiffs to move the district court to vacate its order and suspended proceedings here pending action by the district court on the motion to vacate.

We think we should employ the same procedure here. After reading this opinion, the district court may wish to reconsider its holding that plaintiff's claims for monetary and nonmonetary relief are not severable, given the peculiar limitations on our jurisdiction and pertinent cases thereon which were not submitted to it. Were we to deal with plaintiff's claims ourselves, we would have to start anew, wasting the district court's efforts in the case. Plaintiff claims that we would not have to start anew, that the district court's findings are binding on the theory of collateral estoppel. However, there is no collateral estoppel here. The district court conditioned relief on plaintiff's withdrawing his claim for monetary relief within 10 days. The opinion provided that if plaintiff did not do so, the case would be dismissed without prejudice on the ground of lack of subject matter jurisdiction and transferred to the Court of Claims. Plaintiff did not withdraw his claim for money and consequently the case was dismissed and transferred here. There can be no collateral estoppel effect since the district court held that it was without subject matter jurisdiction and entered no judgment on the merits. *See Commissioner v. Sunnen*, 333 U.S. 591–98, 68 S.Ct. 715–719, 92 L.Ed. 898 (1948); *Torres v. United States*, 650 F.2d 290, (1980). If, on reconsideration, however, the district court vacates its order and decides to give plaintiff judgment on his nonmonetary claims, plaintiff may be able to get his monetary relief administratively. If not, the district court decision would have collateral estoppel effect on further proceedings here and so would avoid a wasteful duplication of effort in this court. We caution, however, that a decision by the district court with regard to the permanent position, does not necessarily resolve all issues with regard to the temporary position and plaintiff's claim for back pay.

Plaintiff may invoke the possible relief afforded by Fed.R.Civ.P. 60(b) by asking the district court to reconsider its action. It would expedite the matter if plaintiff would heed the district court's suggestions not to press its monetary claim there. If plaintiff persists in doing so, we think that the district court can dismiss the monetary claim without prejudice to its being pursued here after the district court has ruled on the merits of plaintiff's claim for nonmonetary relief, assuming plaintiff to be successful there.

Accordingly, plaintiff is directed to file a motion, within 30 days of the date of this opinion, with the district court, asking it to vacate its order of transfer issued January 14, 1980, in *Smith v. United States Civil Serv. Comm'n, supra*. Proceedings in this court will be suspended on the petition filed here until the district court has completed its action in the matter. Plaintiff will apprise the clerk of the Court of Claims every 90 days from the date of this opinion of the status of his motion to vacate and of any further district court proceedings. Our clerk is directed to provide the file in the case to the district court for its consideration of plaintiff's motion when advised by plaintiff's counsel that the motion to vacate has been filed.

Plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment are denied without prejudice.