Plaintiff was employed as a mailhandler by the United States Postal Service. In July 1971, while on duty at a mail facility at Kennedy International Airport, he was involved in an altercation with a guard. Thereafter he was charged by his employer with threatening and assaulting a fellow employee, and in April 1972 he was removed on that charge. He appealed to the Civil Service Commission and the hearing examiner upheld the removal.[1] Plaintiffs appeal to the Board of Appeals and Review was denied as untimely.
More than seven years later (early in 1980) plaintiff applied to the Postal Service for a position as a motor vehicle operator. His application was denied because of the previous removal in 1972. Plaintiff then brought suit in the Eastern District of New York which dismissed his action, in June 1981, as barred by limitations. In 1981, plaintiff again sought employment with the Postal Service as a motor vehicle operator. This application was also denied on the basis of the 1972 disciplinary action.
The present suit was then brought here on September 15, 1981. Both parties have moved for summary judgment. Oral argument has been waived. We hold for the defendant.
*761 As to the 1972 removal — which plaintiff asserts was invalid — we can grant no relief. Plaintiff does not seek back pay and we are, of course, without authority to issue a declaratory judgment that that removal was erroneous. Moreover, any claim as to the 1972 removal would be barred by the six-year statute of limitations (this suit was brought in 1981) as well as by the preclusive effect of the Eastern District’s decision that that parallel action was barred by the six-year statute.
We are likewise unable to determine that plaintiff was illegally refused employment in 1980 and 1981 by the Postal Service. We have no authority to direct the appointment of an individual to a federal position that he has not held, nor do we have power to award back pay for such a position never held by the claimant. Likewise, we have no jurisdiction to grant a declaratory judgment that the refusal to hire in 1980 or 1981 was invalid. See Smith v. United States, 228 Ct. Cl. 168, 654 F.2d 50 (1981). If there is to be any relief, it will have to come from some other tribunal.
For these reasons, defendant’s motion for summary judgment is granted, plaintiffs cross-motion is denied, and the petition is dismissed.

 Plaintiff appeared at the hearing but requested a postponement on the ground that his attorney was ill. This delay was denied by the hearing examiner and, on plaintiffs declining to proceed without a lawyer, the examiner based his decision on the existing documentary record.