**Nathan SMITH**

v.

**The UNITED STATES.**

**No. 38–80C.**

United States Claims Court.

May 3, 1985.

---

Howard M. Goldsmith, Philadelphia, Pa., for plaintiff; L. Bruce Hoffman, Philadelphia, Pa., of counsel.

Sara V. Greenberg, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

YANNELLO, Judge.

This is a civilian pay case involving two personnel actions: (1) a separation from a term position by reason of a reduction in force (RIF) and (2) a failure of appointment to a permanent position. Plaintiff has moved for summary judgment. The facts material to this opinion have been thoroughly aired in previous adjudications summarized below, are no longer in dispute, and need not be restated in detail here.

### Former Adjudication: District Court Initially

The facts were preliminarily set forth in *Smith v. United States Civil Service Commission*, No. 74–245 (E.D.Pa. Aug. 16, 1976). Since August 1971, plaintiff held a term position, extended in June 1972, which would have expired in June 1975. However, in November 1973, plaintiff was separated from that position by virtue of a (RIF). Plaintiff would not have been affected by this RIF had he been appointed (or "converted") to a permanent position. Such conversion, consistent with agency policy, had been anticipated and was the subject of deliberation from June 1972 through the summer of 1973.

In its 1976 order, the district court remanded the matter for further consideration by the Civil Service Commission (CSC).

Following action by the CSC, the district court issued a Memorandum Decision dated October 31, 1979, restating and amplifying the facts in its 1976 order. In its 1979 decision, the district court held that: (1) the RIF was a sham to mask the real reason for plaintiff's separation (which was an unfavorable FBI report); (2) denial of appointment to the career or permanent position was arbitrary and capricious; and (3) the CSC's affirmance of the agency action was an abuse of discretion.

However, the court also determined that it lacked jurisdiction to effect relief; it found that Smith's non-monetary claims (for reinstatement to a term position and appointment to a permanent position) were inseparable from his monetary claims (which exceeded $10,000). Therefore, on the basis of the decision in *Cook v. Arentzen*, 582 F.2d 870 (4th Cir.1978), the entire matter was transferred to the Court of Claims, where it was docketed as captioned above.

### Former Adjudication: Court of Claims

The Court of Claims identified no deviation from the findings of fact of the district court. However, the Appellate Division of the Court of Claims disagreed about the advisability of transfer and suspended proceedings to enable plaintiff to reopen proceedings in the district court. *Smith v. United States*, 654 F.2d 50, 228 Ct.Cl. 168 (1981).

In its decision, the Court of Claims suggested that the plaintiff's non-monetary and monetary claims were indeed separable, relying on *Giordano v. Roudebush*, 617 F.2d 511 (8th Cir.1980). The court described several types of relief which might be granted by itself and/or the district court, as follows:

(1) Claim for temporary restraining order: only the district court has that power; we do not.

(2) Mandamus: again, the district court has that power; we do not.

(3) Declaratory judgment under the Declaratory Judgment Act: only the district court has that power; we do not.

(4) Reclassification to a new position: the district court has that power; we do not.

(5) Back pay for the new reclassified position: no court has that power after the Supreme Court's decision in *Testan*.

(6) Restoration to the old position: both the district court and the [Claims Court] have that power.

(7) Back pay for the old position: the district court can award back pay only up to $10,000; there is no jurisdictional limitation on amounts the [Claims Court] can award. [*Smith*, 654 F.2d at 53, 228 Cl.Ct. at 173.]

The Court of Claims noted that the district court decision would have collateral estoppel effect on further proceedings here. However, it cautioned that a decision by the district court regarding the permanent position would not necessarily resolve all issues with regard to the temporary position and plaintiff's claim for back pay.

### Former Adjudication: District and Circuit Courts

The district court reopened the matter following the Court of Claims decision. The same facts as previously set forth by the district court again formed the basis of its final decision. *Smith v. United States Civil Service Commission*, No. 74–245 (E.D.Pa. Mar. 24, 1982).

This decision was affirmed in part and vacated in part, *sub nom. Hondros v. United States Civil Service Commission*, 720 F.2d 278 (3d Cir.1983), again with no disagreement as to essential facts.

*Merits: Permanent Position.* The district court found that, while serving in his term position and prior to the RIF separation therefrom, plaintiff should have been appointed to a permanent position. Accordingly, the court ordered his prospective appointment to that permanent position under its mandamus authority, 28 U.S.C.

§ 1361. The prospective appointment was to be to a level of employment as if the plaintiff had served in that position since 1973. (Plaintiff's monetary claims had been dropped without prejudice to their being pursued before the Claims Court.)

The court of appeals found that the district court lacked mandamus authority inasmuch as the appointment to the permanent position involved agency discretion and not a position to which plaintiff had a clear legal entitlement. The court did find, however, that the district court could order appointment to the permanent position pursuant to the Administrative Procedure Act, 5 U.S.C. § 706, because said appointment had been unlawfully withheld as a result of arbitrary and capricious agency action. *Hondros*, 720 F.2d at 297.

*Merits: Term Position.* In its 1982 decision, the district court acknowledged jurisdiction, accepting the Court of Claims suggestion as to the severability of plaintiff's monetary and non-monetary claims.

It again found that the RIF action separating plaintiff from his term position was a sham and ordered plaintiff reinstated to that position. The court of appeals reversed, holding that mandamus jurisdiction did not extend to appointment such as this, which was a matter of agency discretion and not a position to which plaintiff had a clear legal entitlement. *Hondros*, 720 F.2d at 297.

Moreover, the court of appeals held that the APA did not apply because there was no agency action "unlawfully withheld"; indeed the court noted that the plaintiff had not been deprived of his term position but had been granted an extended term. In this connection, the appellate court does not address the RIF separating plaintiff from his extended term position; indeed, the court of appeals opinion expressly reserved decision on the merits of that separation, finding that a matter more properly for consideration by the Claims Court. *Hondros, id.* at 298.

Finally, the Third Circuit, in *Hondros*, noted that the question of whether benefits

of any kind relate to the term position is properly left to the Claims Court.

With respect to *both* the term and the permanent positions, the opinion in *Hondros* additionally observed that the treatment accorded plaintiff with respect to the permanent position (appointing him in 1982 and giving credit for service as if performed from the date of the RIF separation in 1973) might moot any claim for reinstatement to the term position (from the date of the RIF separation in 1973 to the date of its normal expiration in 1975) inasmuch as plaintiff could not serve in two positions at the same time. (In this connection, the court characterized the permanent position as the "superior" of the two.)

It should be noted that the foregoing summarizes the majority appellate opinion. One judge in the majority would deny the district court's jurisdiction to order reinstatement to the term position because it was a money claim in disguise. A separate concurring opinion would reverse the district court's order re: reinstatement to the term position believing it to be redundant in the face of the order to appoint to the permanent position, thus rendering the issue moot.

### Claim for Back Pay: Permanent Position

Plaintiff's motion essentially seeks back pay for the period 1973 to 1982 attributable to the permanent position. Plaintiff relies chiefly upon the finding that plaintiff should have been appointed to the permanent position by the agency prior to 1973, when he was separated by a RIF from an extended term position. Plaintiff stresses that he has now been appointed to the permanent position and that the level of this prospective appointment reflects service as if he had held the position since 1973.

Accordingly, plaintiff now urges that he is entitled to back pay attributable to the permanent position for the period 1973 to 1982. Plaintiff relies upon the Tucker Act, 28 U.S.C. § 1491, the Back Pay Act, 5 U.S.C. § 5596, and the decision of the Court of Claims which, of course, is the law of the case in the instant action.

Defendant contests plaintiff's claim, relying upon the decision of the Supreme Court in *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), and arguing that the 1981 decision of the Court of Claims precludes recovery.

The *Testan* decision involved an allegedly erroneous classification of employees. It was found that, pursuant to the Classification Act, 5 U.S.C. § 5101, such employees could prospectively seek proper classification from the agency and a district court.[1] It was further found, however, that that Act did not confer jurisdiction upon the courts to award back pay.

■ Where the Constitution, a statute, or a regulation cannot be fairly interpreted as conferring a right to monetary compensation, violations of such laws will not of themselves confer the right. *Testan*, 424 U.S. at 402, 96 S.Ct. at 955. Waivers of sovereign immunity, so as to permit suit for money damages and to confer jurisdiction upon a specific tribunal, must be explicit. *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). Thus, the Court in *Testan* additionally undertook a review of the Tucker Act, 28 U.S.C. § 1491, and the Back Pay Act, 5 U.S.C. § 5596.

The Court found that the Back Pay Act did not authorize the award of back pay under the circumstances present in *Testan* inasmuch as the employees had not been appointed to the reclassified positions. (Agency action improperly ordered by the

---

1. In connection with this non-monetary relief, it was also found that the Court of Claims could not remand the matter (to the agency possessing the discretion to implement such reclassification) in order that thereafter, if reclassification were accomplished, an award of back pay could be considered by the court. The Supreme Court held that the Court of Claims' remand jurisdiction exists only where the court already has jurisdiction with respect to a monetary award. That remand jurisdiction was found not to exist in *Testan*, there being at the time of the court's remand no basis upon which to award back pay.

Court of Claims had not been completed, and a claim before the district court for mandamus had not yet been resolved.) The Court stated:

> Congress ... has provided ... for administrative review of a claim of wrongful adverse action and, in the Back Pay Act, for the award of money damages for a wrongful deprivation of pay. But federal agencies continue to have discretion in determining most matters relating to the terms and conditions of federal employment. One continuing aspect of this is the rule ... that the federal employee is entitled to receive only the salary of the position to which he was appointed.... Congress did not override this rule, or depart from it, with its enactment of the Back Pay Act.

> \*   \*   \*   \*   \*   \*

> [T]he Back Pay Act, as its words so clearly indicate, was intended to grant a monetary cause of action only to those who were subjected to a reduction in their duly appointed emoluments or position.

> We therefore conclude that neither the Classification Act nor the Back Pay Act creates a substantive right in the respondents to backpay for the period of their claimed wrongful classifications. [*Testan*, 424 U.S. 406–07, 96 S.Ct. 957.]

In its 1981 decision, the Court of Claims considered some aspects of the relation of the *Testan* decision to the instant case.[2] The court stated that:

**2.** The court noted specifically that the Claims Court "cannot order plaintiff converted to the permanent status he demands although the district court can do so". *Smith*, 654 F.2d at 53, 228 Ct.Cl. at 173. It was for this reason that the court believed, for fullest relief, the matter should be reopened by the district court rather than being transferred to itself.

**3.** Plaintiff might also find support in the concurring opinion in *Hondros*, 720 F.2d at 303, in which it was stated that:

> "As for backpay based on Smith's career appointment, I am not persuaded that *Testan* bars a backpay award to a plaintiff who, by order of a district court, has been appointed to a career position that the court determined had been arbitrarily and capriciously withheld; *Testan* did not decide such a question. In interpreting

[I]n claims like the instant one, where the employee asserts a right to a position to which he was never appointed, sovereign immunity has not been waived. Thus, the employee cannot get money damages to the extent his claim is for back pay for a position to which he was not appointed. [Citation omitted]. The *Testan* case serves as a major limitation to our jurisdiction in this type of case. However, *Testan* left open the possibility of obtaining mandamus relief in the proper federal district court under 28 U.S.C. § 1361 (1976).... One final aspect to our jurisdiction relevant here is that we can enter money judgments ... where the employee has successfully sued for reinstatement in the district court. [Footnote omitted.] We still could not give the employee back pay for a position to which he was not appointed, of course, but the employee could come to [the Claims] court armed with whatever collateral estoppel effects the district court decision would have. [*Smith*, 654 F.2d at 52, 228 Ct.Cl. at 171.]

To illustrate the foregoing, the court cited *O'Brien v. United States*, 124 Ct.Cl. 655 (1953) and *Phillips v. United States*, 227 Ct.Cl. 532 (1981).

Plaintiff relies upon the foregoing language as providing a "window" of jurisdiction in this court, notwithstanding *Testan*, to award plaintiff the back pay of the permanent position to which he *has now* been prospectively appointed.[3]

its own jurisdiction to hear Smith's case, the Court of Claims dealt ambiguously with the *Testan* problem, but intimated by its construction of *Phillips v. United States*, [cite omitted], that it could consider a backpay career based on Smith's wrongfully withheld career position once he had received a career appointment. *Smith v. United States, supra*, 654 F.2d at 53, 228 Ct.Cl. at 172; *but see id.* at 52, 228 Ct.Cl. at 171 ("We still could not give the employee back pay for a position to which he was not appointed ..."). These issues must be resolved in the first instance by the [Claims Court], but I wish to emphasize that, at least as I view it, the decision today does not reject the merits of any claim regarding the term position Smith may make in the Claims Court."

This court finds plaintiff's argument to be cogent and emotionally compelling. Plaintiff's counsel fervently urged the equity and justice of his position. In this connection it is noted that, unquestionably, based on the facts as found by the district and circuit courts, plaintiff was wrongfully deprived of a permanent appointment in 1973 and remained so deprived for some nine years thereafter, having obtained appointment only in 1982 as a result of the above-described litigation. Plaintiff now urges that, having finally obtained relief in the form of an appointment, it is only fitting that now this court implement the Back Pay Act so as to provide money damages for the period of deprivation.

While this argument is not devoid of merit, it is to no avail. The discussions in *King* and *Testan, supra,* among many other leading cases, have made it clear that, whatever the impact of the wrongs committed by the sovereign, no tribunal may entertain suit and grant money damages unless the sovereign has consented thereto. It is concluded that the matter is not one for consideration by this court.

Plaintiff contends that relief is not barred by the technical discussion in *Testan* or indeed by the Court of Claims' 1981 decision. Plaintiff argues that neither of those decisions dealt with the precise situation now before us, namely, where plaintiff has now secured an appointment.

■ This court cannot accept plaintiff's contention for a variety of reasons. First, this court notes the Court's explicit language in *Testan,* to wit:

There is a difference between prospective reclassification, on the one hand, and retroactive reclassification resulting in money damages, on the other. [*Testan,* 424 U.S. at 403, 96 S.Ct. at 955.]

This language appeared in the Court's discussion of the Classification Act, which permitted prospective personnel action only. It contrasted this type of action with personnel action in connection with which money damages might be awarded, namely, retroactive action.

In short, the Court in *Testan,* in discussing all of the statutes involved therein, suggests that money damages, such as provided in the Back Pay Act, are available only where an adverse personnel action deprives an employee of pay to which he was entitled at the time of the adverse action, namely, in a position to which he can be, and is, reinstated. As the Court's opinion states:

The [Back Pay] Act does authorize retroactive recovery of wages whenever a federal employee has "undergone an unjustified or unwarranted personnel action that has resulted in the withdrawal ... of all ... of" the compensation to which the employee is otherwise entitled. [*Testan,* 424 U.S. at 405, 96 S.Ct. at 956.]

Thus, this court believes that the *Testan* rationale prevents our exercise of jurisdiction to entertain a claim for back pay of the permanent position.

Second, this court turns to the Court of Claims 1981 decision, which is the law of this case. We understand the language quoted above (*see Testan, supra*) which might be argued as supporting plaintiff's position, to instead refer to situations in which the corrective action is of a retroactive nature, namely, restoration to the position held at the time of the wrongful adverse action in issue. Only in such situations can the Back Pay Act be interpreted to provide monetary relief.

Indeed, the Court of Claims referred to two illustrative cases, *O'Brien, supra,* and *Phillips, supra,* both of which involved reinstatement to previously held positions from which plaintiffs had been separated and to which they were retroactively reinstated.

At 654 F.2d at 52, 228 Ct.Cl. at 171, the Court of Claims interpreted the "peculiarities" of the Back Pay Act as providing for back pay for:

"an unjustified or unwarranted personnel action that has resulted in the withdrawal or reduction of all or a part of the pay * * * of the employee" *from the position from which the employee was discharged.* [Emphasis supplied.]

Moreover, in that opinion, the court specifically addressed the various types of relief which might well be conceivable in the instant case itself and concluded, with respect to the fifth enumerated form of relief, back pay for the new (permanent) position that *"no court has the power [to grant this relief] after the Supreme Court's decision in Testan." Smith,* 654 F.2d at 53, 228 Ct.Cl. at 173. (Emphasis supplied.)[4]

Indeed, the Court of Claims decision clearly distinguishes the back pay for the permanent position from the seventh enumerated form of relief. "[B]ack pay for the old [term] position: the district court can award back pay only up to $10,000; there is no jurisdictional limitation on amounts the [Claims Court] can award". *Smith,* 654 F.2d at 53, 228 Ct.Cl. at 173.

Therefore the Court of Claims, as this court understands it, implicitly held that under the doctrine of *Testan,* no court can award back pay under the circumstances here with respect to the permanent position to which plaintiff was prospectively appointed.

### Claim for Term Position

 The complaint in this case contains a prayer for relief relating to plaintiff's RIF separation from his term position.

However, only that claim arising out of the permanent position, is before the court in the instant motions. In essence, defendant moves that the claim be dismissed, as waived, because it does not form a part of plaintiff's instant motion for judgment.

The court understands the complaint's prayers for relief for the permanent and the term positions to be essentially two counts, perhaps overlapping or perhaps in the alternative. It is not necessary for plaintiff to move for judgment on all counts at once.

Accordingly, the court does not consider plaintiff's claims relating to his separation from his term position to be waived. Rather, they remain a part of the complaint.

During oral argument on the pending motions, the merits of the term position were discussed briefly. However, the court does not believe that either party, in briefs or in argument, has fully set forth its contentions in this respect.

Accordingly, this court reaches no decision with respect to this claim at this time, and the parties are to advise the court within 30 days as to further proceedings believed appropriate.

### CONCLUSION

Plaintiff's motion for summary judgment, which requests back pay relating to the permanent position is DENIED; defendant's cross-motion is GRANTED in that respect, and otherwise DENIED without prejudice.

---

**4.** Plaintiff's attempt to distinguish *Testan* from the instant case because the former involved classifications, whereas the latter involves appointments and separations, is not persuasive. Indeed, the Court of Claims 1981 decision refers to classification and reclassification frequently in connection with the instant case as well as the *Testan* decision. No rationale has been advanced which would warrant the distinctions now urged by plaintiff.