ARCHER, Circuit Judge.
 

 Nathan Smith appeals from a judgment of the United States Claims Court,
 
 Smith v. United States,
 
 8 Cl.Ct. 69 (1985), dismissing for lack of jurisdiction his claim for back pay relating to a permanent position as a Deputy United States Marshal. We affirm.
 

 BACKGROUND
 

 The background facts of this case are detailed in
 
 Smith v. United States,
 
 654 F.2d 50, 228 Ct.Cl. 168 (1981), and
 
 Hondros v. United States Civil Service Commission,
 
 720 F.2d 278 (3d Cir.1983),
 
 aff'g in part and vacating in part Smith v. United States Civil Service Commission,
 
 No. 74-245 (E.D.Pa. Mar. 24, 1982). The deci
 
 *533
 
 sions in those cases are summarized in the decision of the Claims Court which is the subject of this appeal. Briefly, they are as follows:
 

 In the early 1970s, the United States Marshals Service (Marshals Service or Service) initiated an air piracy program to combat the rising number of aircraft hijackings. Marshals for that program were hired, pursuant to 5 C.F.R. § 316.302(b), as term deputies without regard for Civil Service Commission registers. In order to attract more qualified candidates than would otherwise be interested in term positions, the Service made representations that it intended to “convert” term deputies hired for the air piracy program to career positions. In fact, applicable Civil Service regulations did not permit the Service to “convert” term deputies to permanent positions, but instead required any term deputy seeking a permanent position to follow normal procedures for entering the competitive service. These procedures included,
 
 inter alia,
 
 obtaining a position on a civil service register, being certified as one of the three highest rated applicants for each vacancy, and being selected by an appointing officer.
 

 Smith was hired in 1971 as a term employee of the Marshals Service in its air piracy program. He obtained a position on the Philadelphia civil service register on September 27, 1972. The area manager of the Civil Service Commission testified that had the Marshals Service requested a certificate of eligibles on that date, Smith would have been ranked either first or second on the certificate. Mr. Vinci, Chief Deputy Marshal in Philadelphia, testified that if Smith’s name had been on a certificate he would have appointed Smith to a permanent position. However, through a series of “accidents, mistakes, and irregularities,” Vinci failed to request a certificate of eligibles
 
 [1]
 
 and, as a consequence, Smith was not appointed to a permanent position. In November 1973, Smith was separated from his term position as a Deputy United States Marshal pursuant to a reduction in force (RIF). He would not have been affected by the RIF had he been appointed to a permanent position.
 

 PROCEEDINGS BELOW
 

 Smith challenged his separation before the Civil Service Commission. Following an unfavorable decision by the Commission, he filed suit in the United States District Court for the Eastern District of Pennsylvania seeking reinstatement to his former term position, “conversion” from term to permanent status as a career Deputy United States Marshal, and monetary damages under the Back Pay Act, 5 U.S.C. § 5596. The district court remanded certain issues to the Commission for further consideration,
 
 Smith v. United States Civil Service Commission,
 
 No. 74-245 (E.D.Pa. Aug. 16, 1976). When the Commission again upheld Smith’s separation, the district court issued a memorandum decision,
 
 Smith v. United States Civil Service Commission,
 
 Civ. No. 74-245 (E.D.Pa. Oct. 31, 1979), in which it concluded that the Commission’s affirmance of the Marshals Service’s actions was arbitrary, capricious, and an abuse of discretion. However, the district court also determined that it lacked subject matter jurisdiction over that part of Smith’s claim for monetary relief which exceeded the district court’s $10,000 Tucker Act limitation. 28 U.S.C. § 1346(a)(2) (1982). Therefore, on January 14, 1980, it transferred the entire case to the Court of Claims. The Court of Claims disagreed that transfer was proper, pointing out that its jurisdiction of the case was not exclusive, as required by the transfer statute, 28 U.S.C. § 1406(c) (1982),
 
 Smith v. United States,
 
 654 F.2d 50, 228 Ct.Cl. 168 (1981). It suspended proceedings to enable Smith to reopen proceedings in the district court. Thereafter, the district court vacated,
 
 inter alia,
 
 its prior transfer order, dismissed Smith’s monetary claim without prejudice to its being pursued later in the Court of Claims, and ordered Smith reinstated to his term position and prospectively appointed to a permanent position.
 
 *534
 

 Smith v. United States Civil Service Commission,
 
 No. 74-245 (E.D.Pa. Mar. 24, 1982). This decision was appealed to the Court of Appeals for the Third Circuit, which affirmed Smith’s appointment to the permanent position, but held that the district court lacked authority to reinstate him to the term position.
 
 Hondros v. United States Civil Service Commission, supra.
 
 Subsequently, Smith renewed his monetary claim before the Claims Court. Citing
 
 United States v. Testan,
 
 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), the Claims Court denied Smith’s claim for back pay for the period from June 1975, the expiration date of the term position, until the date of his court-ordered appointment to the permanent position for lack of jurisdiction.
 
 Smith v. United States,
 
 8 Cl.Ct. 69 (1985). A stipulated final judgment for back pay attributable to the remaining portion of the term appointment, from November 1973 to June 1975, was entered on June 12, 1986.
 

 ISSUE
 

 The issue on appeal is whether the Claims Court erred in holding that it lacked jurisdiction over Smith’s claim for back pay attributable to the period after his term appointment expired to the time of his permanent court-ordered appointment as a Deputy United States Marshal.
 

 DISCUSSION
 

 Noting that Smith “was wrongfully deprived of a permanent appointment in 1973 and remained so deprived for some nine years thereafter ...,” the Claims Court characterized his arguments as “emotionally compelling.” Nevertheless, it concluded that the decision of the Supreme Court in
 
 United States v. Testan,
 
 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), prevented it from exercising jurisdiction over Smith’s claim for back pay attributable to the permanent position. Reluctantly, we agree.
 

 The jurisdiction of the Claims Court to consider back pay claims is set forth in the Tucker Act, 28 U.S.C. § 1491 (1982), Section 1491(a)(1) states in pertinent part:
 

 The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States.
 

 The Supreme Court observed in
 
 Testan,
 
 424 U.S. at 400, 96 S.Ct. at 954, that the Tucker Act is only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. Smith contends that the Back Pay Act authorizes the relief he is seeking.
 

 The Back Pay Act, 5 U.S.C. § 5596, provides in pertinent part:
 

 (b)(1) An employee of an agency who ... is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—
 

 (A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect—
 

 (i) an amount equal to all or any part of the, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred.
 

 The Supreme Court undertook a review of the Back Pay Act in
 
 Testan,
 
 a decision involving the allegedly erroneous classification of employees. It concluded that the Act expressly provides for money damages as a remedy against the United States in “carefully limited circumstances,” 424 U.S. at 404, 96 S.Ct. at 956, in that it only authorizes retroactive recovery of wages when a federal employee has “ ‘undergone an unjustified or unwarranted personnel action that has resulted in the withdrawal or reduction of all or a part of' the
 
 compensation to which the employee is otherwise entitled.”
 
 (Emphasis added.) 424 U.S. at 405, 96 S.Ct. at 957. It also noted the longstanding rule that a federal em
 
 *535
 
 ployee is not entitled to the benefit of a position until he has been duly appointed to it. 424 U.S. at 402, 96 S.Ct. at 955.
 

 In its 1981 decision, the Court of Claims, in dicta, considered the effect of the
 
 Testan
 
 decision on interpretation of the Back Pay Act. That court stated:
 

 [I]n claims like the instant one, where the employee asserts a right to a position to which he was never appointed, sovereign immunity has not been waived. Thus, the employee cannot get money damages to the extent his claim is for back pay for a position to which he was not appoint-ed____
 
 Testan
 
 left open the possibility of obtaining mandamus relief in the proper federal district court under 28 U.S.C. § 1361 (1976). The [Supreme] Court noted [in
 
 Testan
 
 ] that the district court might have power to order the employee reclassified to a new position, but that such relief would be prospective only, 424 U.S. at 403 [96 S.Ct. at 955].... [W]e can enter money judgments ... where the employee has successfully sued for reinstatement in the district court. (Footnote omitted.) We still could not give the employee back pay for a position to which he was not appointed.
 

 654 F.2d at 52. The Court of Claims also referred to
 
 Phillips v. United States,
 
 227 Ct.Cl. 532 (1981), wherein a plaintiff who had been reinstated to his position with the Government was awarded back pay. The court in that case, because of the
 
 Testan
 
 decision, determined that it could not award any back pay amounts attributable to a promotion ordered by the district court, which apparently had not been given effect by the agency, and that it could not enforce the district court’s promotion order. 654 F.2d at 53.
 

 Finally, in analyzing the “conceivable types of relief” available to Smith in view of
 
 Testan,
 
 the Court of Claims, in its 1981 decision, indicated that back pay was precluded, stating, “Back pay for the new reclassified [permanent] position: no court has that power after the Supreme Court decision in
 
 Testan.” Id.
 
 Nonetheless, Judge Adams in his concurring opinion in
 
 Hondros,
 
 720 F.2d at 303, thought the Court of Claims “intimated by its construction of
 
 Phillips v. United States,
 
 227 Ct.Cl. 532 (1981), that it could consider a backpay claim based on Smith’s wrongfully withheld career position once he had received a career appointment.”
 

 Smith, by order of the district court, was subsequently appointed to a permanent position as a Deputy United States Marshal “at that level and grade he would [have been] entitled to had he been appointed to the position ... in 1973 and ... served continuously until [the date of the district court decision].” Despite the prospective nature of this relief,
 
 [2]
 
 he then relied upon Judge Adams’ statement to contend that the Claims Court had jurisdiction, notwithstanding
 
 Testan,
 
 to award him back pay attributable to the permanent position. The Claims Court rejected this position, stating that
 
 Testan
 
 referred to “situations in which the corrective action is of a retroactive nature, namely, restoration to the position held at the time of the wrongful adverse action in issue. Only in such situations can the Back Pay Act be interpreted to provide monetary relief.” 8 Cl.Ct. at 74. It distinguished
 
 Phillips
 
 and the other cases cited in the 1981 Court of Claims decision as involving “reinstatement to previously held positions from which plaintiffs had been separated and to which they were retroactively reinstated.” It followed the Court of Claims’ interpretation of the Back Pay Act that back pay can be awarded for “ ‘an unjustified or unwarranted personnel action that has resulted in the withdrawal or reduction of all or a part of the pay ... of the employee’
 
 from the position from which the employee was discharged.”
 
 (Emphasis added.) 654 F.2d at 52. This interpretation is required by the rule recited in
 
 Testan
 
 that a “federal employee is entitled to receive only the salary of the position to which he was appointed____” 424 U.S. at 406, 96 S.Ct. at 957.
 

 As this court noted in
 
 Spagnola v. Stockman,
 
 732 F.2d 908, 912 (Fed.Cir.1984), the
 
 *536
 
 Back Pay Act “was not designed to provide payment for all actions which should or might well have been taken, but only for those payments or benefits which were required by law____”
 
 See also Fausto v. United States,
 
 791 F.2d 1554, 1556 (Fed. Cir.1986),
 
 cert. granted,
 
 — U.S.-, 107 S.Ct. 872, 93 L.Ed.2d 827 (1987);
 
 United States v. Connolly,
 
 716 F.2d 882, 887 (Fed.Cir.1983);
 
 Montalvo v. United States,
 
 231 Ct.Cl. 980, 982 (1982). Because Smith was not appointed to the permanent position during the time period for which he seeks back pay, and has pointed to no other provision of law mandating payment of money damages to him, we must affirm the decision of the Claims Court.
 

 AFFIRMED.
 

 [1]
 

 . Vinci requested a certificate from the Commission on December 13, 1972, which was returned as a result of the hiring and promotion freeze imposed by President Nixon on all federal agencies on December 11, 1972. Vinci never filed a second request.
 

 [2]
 

 . “An appointment to a position never before held is prospective relief."
 
 Smith v. United States Civil Service Commission,
 
 No. 74-245, (E.D.Pa. Mar. 24, 1982).