Stanton E. COLLIER, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 02–948 C.

United States Court of Federal Claims.

May 6, 2003.

Stanton E. Collier, Chicopee, MA, plaintiff pro se.

Carolyn J. Craig, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant, with whom were Brian M. Simkin, Assistant Director; David M. Cohen, Director; and Robert D. McCallum, Jr., Assistant Attorney General. Lieutenant Colonel Richard Johnson, of counsel.

## OPINION

DAMICH, Chief Judge.

## I. Introduction

This case involves a claim by Stanton E. Collier (Plaintiff), appearing *pro se*, that he is owed military pay because he was paid at a GS–14 level while performing the duties of a GS–15 position. Plaintiff advances three grounds for relief: (1) the Government breached an express or implied-in-fact contract established by Plaintiff's performance plans; (2) Plaintiff suffered a Fifth Amendment taking because he was paid a GS–14 salary while performing the duties of a GS–15 position; and (3) he was denied back pay pursuant to the Back Pay Act, 5 U.S.C. § 5596, for the period when he served in a GS–15 position without having been promoted to this position. This action is before the Court on Defendant's Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6), respectively, of the Rules of the Court of Federal Claims (RCFC). For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED.

## II. Background

Plaintiff Stanton E. Collier was employed by the United States Air Force as a Patent Advisor with the Electronic Systems Command, Intellectual Property Division, Hanscom Air Force Base, Massachusetts. Plaintiff was promoted to the GS–14 pay grade in August 1985, and was compensated at that level until his retirement in May 2000.

In February 1986, Plaintiff's position was reassigned from Patent Advisor (Physics) to Supervisory Patent Advisor (General). Both of these positions are compensated at the GS–14 pay grade, and Plaintiff was never officially appointed to the GS–15 pay grade. Plaintiff alleges that from July 1995 until May 1998, he served as acting chief of his section, a GS–15 pay grade position. Plaintiff further alleges that, as a Supervisory Patent Advisor (General), he was required by his supervisor to sign performance plans indicating that he would serve as acting chief in the absence of the GS–15 chief. It is undisputed that Plaintiff competently performed the duties specified in the performance plans.

Plaintiff argues that he was entitled to be paid at the GS–15 level during the 34 months that he served as acting chief. The Government argues that it was not legally obligated to pay Plaintiff at the GS–15 level because he

was never officially appointed to that level. While Plaintiff's complaint contains seven counts, he voluntarily dismissed Counts 1–3 and Count 5 in his opposition, deeming these counts "canceled," leaving only Counts 4, 6, and 7 before the Court. Therefore, Counts 1–3 and Count 5 are dismissed without prejudice and the Court's ruling addresses Count 4 (breach of contract), Count 6 (Fifth Amendment taking), and Count 7 (Back Pay Act).

Plaintiff seeks payment in the amount of $20,806, reflecting the disparity between pay at a GS–14 level and pay at a GS–15 level during the relevant time period, plus interest and attorney's fees.[1] Plaintiff also requests a correction in his personnel records to reflect that he served in a grade GS–15 position for the period in dispute, and that his retirement pay be adjusted accordingly.

## III. Discussion

### A. Count 4–Breach of Express or Implied–in–Fact Contract

Subject matter jurisdiction is a threshold matter which must be addressed before the Court reaches the merits of Plaintiff's claims. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Plaintiff must establish this Court's jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir.1988). Absent consent to entertain a claim against the United States, this Court lacks authority to grant relief. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Congressional consent to suit acts as a waiver of sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Waivers of sovereign immunity must be explicit and cannot be implied. *United States v. King*, 395 U.S. 1, 2, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). The Tucker Act provides that this Court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is purely jurisdictional and does not by itself create a substantive right of recovery against the United States. *United States v. Connolly*, 716 F.2d 882, 885 (Fed.Cir.1983). Plaintiff must therefore invoke a money-mandating substantive provision to establish jurisdiction under the Tucker Act. *King*, 395 U.S. at 2–3, 89 S.Ct. 1501.

It is well settled that a federal employee is entitled to receive only the salary of the position to which he was appointed, even if he has performed the duties of a higher graded position. *Testan*, 424 U.S. at 402, 96 S.Ct. 948; *Spagnola v. Stockman*, 732 F.2d 908, 910 (Fed.Cir.1984). Plaintiff was not formally appointed to a GS–15 position. The Government thus argues that because the relationship between Plaintiff and the Government was governed by appointment rather than contract, this Court has no Tucker Act jurisdiction. Plaintiff responds that the performance plans that incorporated his job requirements created an express or implied-in-fact contract to pay Plaintiff at the GS–15 rate. While it is not entirely clear from Plaintiff's complaint,[2] Plaintiff appears to be arguing either that: (1) the contract coincided with his appointment to create an obligation to pay him at the GS–15 rate; or (2) the contract superseded his appointment. Both of these arguments must be rejected.

Plaintiff's relationship with the Government cannot be simultaneously governed by both an appointment and a contract. *See Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 735–36, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982); *see also Darden*

---

1. As the Government correctly points out, this court has previously held that a *pro se* plaintiff is not entitled to attorney's fees. *Hauschild v. United States*, 53 Fed.Cl. 134, 146 (2002). The Court need not address this matter, however, because attorney's fees are only an issue when the plaintiff prevails, which is not the case here. 28 U.S.C. § 2412(b).

2. The Court conducted research to assist this *pro se* plaintiff. A *pro se* litigant's pleadings should be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed.Cir.2002).

*v. United States,* 18 Cl.Ct. 855, 859 (1989); *House v. United States,* 14 Cl.Ct. 32, 36 (1987). In *Sheehan,* the Supreme Court held that because a terminated employee was appointed, there was no reason to remand the case to determine whether his relationship was governed by a contract. 456 U.S. at 735–36, 102 S.Ct. 2118. While the court did not explicitly state that appointed employees never have contractual relationships with the government, the court's holding implies such a premise. *Id.* Further, the presumption that federal employees hold their positions pursuant to appointment, rather than by contract, supports the premise that appointments and contractual relationships are mutually exclusive. *See Darden,* 18 Cl.Ct. at 859; *House,* 14 Cl.Ct. at 36. Moreover, employees of the Civil Service who are paid according to the GS pay scale are appointed. *See Hauschild v. United States,* 53 Fed.Cl. 134, 144 (2002) (citing 5 U.S.C. § 2105, which defines an employee of the Civil Service as an officer or individual who is appointed). Therefore, Plaintiff could not have been party to a contractual agreement that existed simultaneously with his appointment to a GS–14 position.

Plaintiff alternatively argues that he was appointed to the GS–15 position by an implied-in-fact contract. This argument is rejected for the same reasons. If appointments and contracts are mutually exclusive, then surely a person cannot be "appointed" to a position by an implied-in-fact contract.

Plaintiff's second argument, that his contract superseded his appointment, is also rejected. Even assuming that his performance plans could constitute a contract, no statute authorizes his supervisor to create such a contract. As noted above, Civil Service employees are defined by statute as officers or individuals who are appointed. 5 U.S.C. § 2105; *see also Hamlet v. United States,* 63 F.3d 1097, 1101 (Fed.Cir.1995). "Absent specific legislation, it is well-established that federal employees do not have contract or quasi-contractual relationships with the Government." *Chu v. United States,* 773 F.2d 1226, 1229 (Fed.Cir.1985); *see also Schism v. United States,* 316 F.3d 1259, 1275 (Fed.Cir.2002)(noting that "[f]ederal employ-

ees, both military and civilian, serve by appointment, not contract . . ."); *Hamlet,* 63 F.3d at 1101 (quoting *Chu* ). Federal employees do not have contractual relationships with the government unless there is an explicit agreement executed by a federal official with authority to contract. *Darden v. United States,* 18 Cl.Ct. 855, 859 (1989); *House v. United States,* 14 Cl.Ct. 32, 36 (1987); *see also Kizas v. Webster,* 707 F.2d 524, 538 (D.C.Cir.1983)(plaintiffs conceded that it is a "verity" that federal personnel are generally not employed pursuant to contract); *Kania v. United States,* 227 Ct.Cl. 458, 464–65, 650 F.2d 264 (1981)("the rights of civilian and military public employees against the government do not turn on contract doctrines but are matters of legal status"). Plaintiff must therefore overcome the presumption that his job was held by appointment and not by contract. *Darden,* 18 Cl.Ct. at 859; *House,* 14 Cl.Ct. at 36. "This presumption is in accordance with the principle which requires plaintiff to bear the burden of establishing subject matter jurisdiction by the preponderance of the evidence." *Darden,* 18 Cl.Ct. at 859 (citing *Reynolds v. Army and Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir. 1988)). Here, Plaintiff argues that the "[p]erformance [p]lans are explicit agreements that were executed by the highest legal officer at Hanscom AFB, who surely had authority and power to contract," but fails to identify any statute authorizing this legal officer to enter into such a contract. Plaintiff's Opposition To Motion To Dismiss ("Plaintiff's Opposition"), at 12.

Further, Plaintiff's argument is likely foreclosed by the rationale invoked in *Darden,* 18 Cl.Ct. at 859. In *Darden,* the plaintiff argued that her personnel job description constituted a contract because it described her duties and pay terms, and both she and her supervisor signed it. *Id.* The court held that "the most that can be said of this document is that plaintiff was apprised of her forthcoming responsibilities and the salary to which she was entitled for the performance of those duties." *Id.* Here, Plaintiff argues that his performance plans can be distinguished from the job description at issue in *Darden* simply because the performance plans were "explicit agreements" executed by the top legal au-

thority at his agency. Plaintiff's Opposition, at 13. This argument is unacceptable unless Plaintiff can identify a statute that authorizes this official to enter into a contractual agreement with an appointed employee. Because Plaintiff has not provided such a statute, his breach of contract claim is dismissed for lack of subject matter jurisdiction.

### B. Count 6–Fifth Amendment·Taking

■ Plaintiff argues that the Government committed a Fifth Amendment taking of property without due process of law. Specifically, Plaintiff asserts that the Government took his labor and retirement benefits by forcing him to work at a GS–15 position for GS–14 pay. This Court has jurisdiction over a Fifth Amendment Takings claim. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded ... upon the Constitution ..."). The Government cites *Hauschild*, 53 Fed.Cl. at 146, in support of the proposition that the Government's obligation to pay money cannot support a Fifth Amendment takings claim. In *Hauschild*, the plaintiff alleged that the Government committed a Fifth Amendment taking by failing to pay identical wages to two employees with the same duties. *Id.* The plaintiff argued that his compensable property interest lay in his "freedom and talents." *Id.* The court, however, held that:

> Even assuming such a compensable property interest, plaintiff does not allege that the Government deprived him of his "freedom and talents." To the extent plaintiff may have held a protected property interest in compensation for the additional freedom and talents he contributed to his position, such an interest could not form the basis of a claim for a taking. Plaintiff's only interest would be in money, and the Government's obligation to pay money cannot support a takings claim.

*Id.*

In the instant case, Plaintiff's complaint fails to state a Fifth Amendment takings claim. Plaintiff argues that a contractual right is within protection of the takings clause, citing *Johnson v. United States*, 111 Ct.Cl. 750, 79 F.Supp. 208, 211 (1948). While *Johnson* does state that "[a] contractual right is within the protection of this clause," here Plaintiff's rights were not governed by contract for the reasons articulated above. *See supra.* Further, the holding in *Johnson* has been called into question in more recent Federal Circuit decisions. *See Baggett Transp. Co. v. United States*, 969 F.2d 1028, 1034 (Fed.Cir.1992)(holding that interference with contractual rights generally gives rise to a breach claim and not a takings claim).

Moreover, to state a takings claim, a plaintiff must concede the "lawfulness of the actions of the Government that resulted in the alleged 'taking.'" *Crocker v. United States*, 37 Fed.Cl. 191, 195–96 (1997)(citing *Florida Rock Indus., Inc. v. United States*, 791 F.2d 893, 898 (Fed.Cir.1986)). "The allegation must not be that the Government's conduct in and of itself violated law, but that the effect of a valid exercise of sovereign authority resulted in the taking of private property for public use, but without payment." *Id.* at 196. When a case involves a contest between two parties over conflicting claims of ownership, "it is axiomatic that there is no taking." *D.S.I. Corp. v. United States*, 228 Ct.Cl. 299, 655 F.2d 1072, 1074 (1981). The dispute here turns on whether the Government had a statutory or contractual obligation to pay Plaintiff at the GS–15 level, and indisputably does not involve the valid exercise of a sovereign authority necessary to establish a takings claim. Count 6 is therefore dismissed for failure to state a claim.

### C. Count 7–Back Pay Act

■ Plaintiff's claim for back pay under the Back Pay Act, 5 U.S.C. § 5596, is dismissed for lack of subject matter jurisdiction because Plaintiff was never subjected to a reduction in his duly appointed emoluments or position. Back pay can only be awarded where a plaintiff suffers a reduction in his or her appointed position because a federal employee is only entitled to the salary of the position to which he or she is appointed. *Testan*, 424 U.S. at 407, 96 S.Ct. 948; *Smith v. United States*, 823 F.2d 532, 534 (Fed.Cir. 1987); *Adams v. United States*, 48 Fed.Cl. 602, 607 (2001). In *Testan*, the Supreme

Court stated "... the Back Pay Act, as its words so clearly indicate, was intended to grant a monetary cause of action only to those who were subjected to a reduction in their duly appointed emoluments or position." 424 U.S. at 407, 96 S.Ct. 948. In *Smith*, the Federal Circuit ruled that the Claims Court lacked jurisdiction over the plaintiff's claim for back pay because the plaintiff had not been appointed to the position for which he was seeking back pay. *Id.* In the present case, Plaintiff has not been appointed to the GS–15 grade. Plaintiff argues that this case is distinguishable from *Testan* because here he is not seeking reclassification. This distinction, however, is inconsequential because it does not alter the requirement that Plaintiff must demonstrate a reduction in his "duly appointed emoluments or position" to establish subject matter jurisdiction under the Back Pay Act. Therefore, Count 7 is dismissed for lack of subject matter jurisdiction.[3]

### IV. Conclusion

For the reasons stated above, it is hereby ORDERED that Defendant's Motion to Dismiss is GRANTED.

The Clerk of the Court is directed to enter judgment in favor of the Defendant and dismiss the complaint.

---

**3.** This Court need not rule on the Government's argument regarding the exclusive jurisdiction of the Civil Service Reform Act of 1978 because the rationale used by the Federal Circuit in *Smith* is sufficient to dismiss this count for lack of subject matter jurisdiction.