**Edward E. ALLEN, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

No. 96–5077.

United States Court of Appeals, Federal Circuit.

Oct. 25, 1996.

Rehearing Denied Dec. 4, 1996.

Edward E. Allen, pro se, of Sheridan, Oregon, plaintiff-appellant.

Steven E. Gordon, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant-appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Joseph A. Kijewski, Assistant Director.

Before ARCHER, Chief Judge, PLAGER, and SCHALL, Circuit Judges.

PLAGER, Circuit Judge.

Edward Allen appeals from a decision of the United States Court of Federal Claims dismissing his contract claim. Because we agree with the trial court that there was no contract, we affirm.

BACKGROUND

Most of the facts are not in dispute. Allen is currently a prisoner in a federal correctional institution in Sheridan, Oregon. In

**134**

1987 Allen was convicted of making false claims and false statements on a loan application. In lieu of incarceration, Allen received five years of probation and was ordered to make restitution to those he wronged. Although the amount of restitution was set by court order, the timing and amount of the restitution payments were left to the complete discretion of the assigned probation officer, Mr. Greathouse.

Unfortunately, this was not Allen's last brush with the law. On September 6, 1988, the district court found probable cause to believe that Allen had violated his probation. Accordingly, the court modified Allen's conditions of probation to include three additional restrictions: (1) Allen was not permitted to complete any cash transactions over $100; (2) Allen was required to complete all financial transactions over the amount of $100 through a banking institution; and (3) all Allen's banking transactions were to be approved by his probation officer.

In 1992, while still on probation, Allen was arrested and charged with violations of state law including theft and making false statements, which would violate his probation if convicted. During the adjudication of these charges, Allen attempted to sell his home.

Allen alleges that Mr. Greathouse offered not to seek revocation of his probation until the state charges were fully adjudicated, "including appeal," if Allen would turn over the proceeds from the sale of the house to satisfy his restitution. After consulting with his wife and lawyer, according to Allen, he agreed. The proceeds from the sale were then paid over to Mr. Greathouse who forwarded them to the appropriate parties. Allen characterizes this agreement as a contract, which he alleges was breached by Mr. Greathouse when he petitioned the district court for a warrant for violation of Allen's probation prior to the final adjudication of his state convictions.

The United States, on the other hand, has a different story. The Government contends that Allen sought Mr. Greathouse's approval for the sale of his home as required by the conditions of his probation. Mr. Greathouse agreed to the sale on the condition that Allen use the proceeds to make restitution payments. At closing, Mr. Greathouse collected the money and paid the money over to the aggrieved parties.

Allen filed a claim against the United States in the Court of Federal Claims seeking damages for an alleged breach of contract. That court dismissed the complaint after concluding that "plaintiff has failed to assert a cause of action over which this court has jurisdiction." The court reasoned that even assuming Allen's account is correct, he cannot establish the existence of a contract because he gave no consideration. The proceeds from the sale of the house could not be consideration for a contract, according to the trial judge, because Allen was obligated to pay the restitution.

## DISCUSSION

Contracts with the Government, like all contracts, require an offer, an acceptance, and consideration. *City of El Centro v. United States,* 922 F.2d 816, 820 (Fed.Cir. 1990). Performance of a pre-existing legal duty is not consideration. *Restatement (Second) of Contracts* § 73 (1981); *cf. Aviation Contractor Employees, Inc. v. United States,* 945 F.2d 1568, 1574 (Fed.Cir.1991) (remanding in order to determine whether the conditions of § 73 are satisfied). Allen was legally obligated to pay restitution. The "manner and time" of these restitution payments were to be established at the complete discretion of his probation officer, Mr. Greathouse. He was also required to gain approval of all financial transactions over $100. Certainly the sale of a house falls into this category. As a condition of this sale, Mr. Greathouse could demand that Allen pay over the proceeds to satisfy his restitution, both under his power to approve all financial transactions and his power to unilaterally set the conditions of the restitution payments. Mr. Greathouse's promise to do or not do anything in exchange for paying over the proceeds was purely gratuitous since Allen was under a legal obligation to do so. Thus, Allen provided no consideration, and consequently there was no contract.

The trial judge concluded that Allen "failed to assert a cause of action over which

this court has jurisdiction." This statement could be read two ways: the Court of Federal Claims lacked subject matter jurisdiction over the cause; or Allen failed to state a claim upon which relief can be granted. Since Allen non-frivolously alleged a contract with the Government, and the Court of Federal Claims has jurisdiction over contract claims, there was no absence of subject matter jurisdiction. *See, e.g., Spruill v. Merit Sys. Protection Bd.*, 978 F.2d 679, 687–8 (Fed.Cir.1992). Allen's failure to prove an element of his cause of action simply means he failed to state a claim upon which relief can be granted. *See, e.g., Gould, Inc. v. United States*, 67 F.3d 925, 929–30 (Fed.Cir. 1995) (discussing the difference between failure to state a claim and lack of subject matter jurisdiction). The trial court properly resolved the case on the merits, as do we. Accordingly, the decision of the Court of Federal Claims is

*AFFIRMED.*

Each party to bear its own costs.