PAULINE NEWMAN, Circuit Judge.
 

 Stanton E. Collier appeals the decision of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.
 
 [1]
 
 We affirm the decision.
 

 
 *1331
 
 BACKGROUND
 

 Mr. Collier was employed as a Patent Advisor with the Department of the Air Force at the Hanscom Air Force Base in Massachusetts. In August 1985 he was promoted to grade GS-14, in which he served until his retirement in May 2000. In February 1986 he was assigned the position of Supervisory Patent Advisor, which was also a GS-14 position. His performance plan required him to perform the duties of the Chief of the Division, a GS-15 position, in the chiefs absence. Mr. Collief states that for twenty-four months he performed the duties of the Chief, who was not “absent” but had retired. When he was not selected for the Chief position, Mr. Collier filed a grievance for back pay, seeking the difference between the GS-15 compensation of the Chief position and the GS-14 compensation at which he had been paid.
 

 When his grievance was denied, Mr. Collier filed suit in the Court of Federal Claims, which granted the government’s motion to dismiss. This appeal followed.
 

 DISCUSSION
 

 Mr. Collier presented four issues: that the government breached a contract with him established by a performance plan requiring him to perform the duties of the Division Chief in the latter’s absence; that the government took the salary to which he was entitled, in violation of the Fifth Amendment to the Constitution; that the government owed him compensation under the Back Pay Act, 5 U.S.C. § 5596; and that he had an independent cause of action in the Court of Federal Claims. The Court of Federal Claims dismissed the independent cause of action, breach of contract, and Back Pay Act claims for lack of jurisdiction, and dismissed the Fifth Amendment taking claim for failure to state a claim upon which relief can be granted. Mr. Collier does not appeal the dismissal of the taking claim. He argues that for the three remaining counts the Court of Federal Claims failed to construe the facts in the complaint in his favor, and that there were various errors of law and fact.
 

 The Contract Claim
 

 Mr. Collier alleges that the Performance Plan entered into between him and his supervisor, which states that Mr. Collier will assume the duties of the Chief of the Division in the latter’s absence, is an enforceable contract. Section 10E of the Plan states that Mr. Collier “[a]cts as Deputy Chief of the Division in the absence of the Chief and performs the duties of that position.” The Plan does not provide for increased compensation when Mr. Collier is called upon to perform these duties.
 

 The Court of Federal Claims observed that Civil Service employees hold their positions by appointment, not contract. It is undisputed that Mr. Collier held a Civil Service appointment.
 
 See Chu v. United States,
 
 773 F.2d 1226, 1229 (Fed.Cir.1985) (“[AJbsent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationships with the government.”).
 

 The court also observed that even if Mr. Collier’s appointment did not bar his entry into a contract of employment, no statute or regulation granted his supervisor the authority to enter into an employment contract by way of a Performance Plan that might change the conditions and pay of employment. Mr. Collier cites
 
 Army Air Force Exchange Service v. Sheehan,
 
 456 U.S. 728, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982) and
 
 House v. United States,
 
 14 Cl. Ct. 32 (1987) as cases which admit of the possibility of an employment contract with the government. However, neither case controls Mr. Collier’s situation.
 

 
 *1332
 
 In
 
 Sheehan
 
 an employee of the Army Air Force Exchange Service, a nonappropriated fund instrumentality of the United States, sued for breach of contract because his discharge was allegedly in violation of the Service’s regulations. Noting that a nonappropriated fund instrumentality can employ individuals either by appointment or by contract, the Court examined the circumstances of Mr. Sheehan’s employment. Finding that he was employed by appointment, the Court rejected his contract claims:
 

 Although respondent alleges that he was employed, both initially and upon entering the EMP, by express employment contracts, he points to nothing in the record or in the relevant AAFES regulations that substantiates that claim. In fact, his complaint supports the contrary view.... Respondent’s selection to the EMP plainly was pursuant to appointment.
 

 456 U.S. at 735-36, 102 S.Ct. 2118.
 

 In
 
 House
 
 this precedent was applied to former employees of the Service Department of the United States Senate, who alleged breach of employment contracts, stemming from their discharges. Stating that “it is well established that barring some explicit agreement to the contrary entered into by a federal officer having authority to contract, federal personnel do not have contractual relationships with the Government,” the Claims Court (now the Court of Federal Claims) determined that the former employees had been appointed to their positions, and dismissed their contract causes of action.
 

 Mr. Collier argues that it is self evident that a government official at the level of his supervisor has the authority to bind the government in contract. However, any general contracting authority that his supervisor might have is not relevant to this situation. As an appointed employee, Mr. Collier did not have an employment contract with the government, and did not acquire such a contract through his job description or performance plan. The Court of Federal Claims correctly dismissed the contract claim.
 

 Back Pay Act
 

 Mr. Collier states that he presented a
 
 prima facie
 
 claim under the Back Pay Act, 5 U.S.C. § 5596, which provides:
 

 (b)(1) An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—
 

 (A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect—
 

 (i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period; and
 

 (ii) reasonable attorney fees....
 

 Mr. Collier states that his employment for an extended period of time in a position classified at the GS-15 level, while receiving compensation at the GS-14 level, violates the Back Pay Act.
 

 The Court of Federal Claims dismissed this claim because Mr. Collier had not shown a reduction in his pay, and held that the failure to increase his pay is not
 
 *1333
 
 cognizable under the Back Pay Act. The Back Pay Act applies to an employee found to “have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee....” 5 U.S.C. § 5596(b)(1). Precedent establishes that this language precludes the Act from applying to the government’s failure to pay an employee at a higher rate than that at which he was paid, in the absence of an actual overall reduction of pay or benefits:
 

 The Claims Court [stated] that
 
 [United States v. Testan,
 
 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)] referred to “situations in which the corrective action is of a retroactive nature, namely, restoration to the position held at the time of the wrongful adverse action in issue. Only in such situations can the Back Pay Act be interpreted to provide monetary relief.... [B]ack pay can be awarded for ‘an unjustified or unwarranted personnel action that has resulted in the withdrawal or reduction of all or a part of the pay ... of the employee’
 
 from the position from which the employee was discharged.’ ”
 
 (Emphasis added.) This interpretation is required by the rule recited in
 
 Testan
 
 that a “federal employee is entitled to receive only the salary of the position to which he was appointed....” 424 U.S. at 406, 96 S.Ct. 948.
 

 Smith v. United States,
 
 823 F.2d 532, 535 (Fed.Cir.1987).
 

 As in
 
 Smith,
 
 Mr. Collier does not seek retroactive reinstatement to a position to which he had been legally appointed, but rather the pay of a higher position whose duties he temporarily performed as part of his appointed position. The Back Pay Act does not apply to such situations. The Court of Federal Claims properly dismissed this claim.
 

 Independent Cause of Action
 

 Before filing suit in the Court of Federal Claims, Mr. Collier filed a formal grievance for back pay. That grievance was decided against him and, according to the Grievance System, was “final and not subject to review.” Mr. Collier argues that the unreviewability of the grievance decision vests jurisdiction in the Court of Federal Claims as an independent cause of action. He states: “there is an independent cause of action in the CFC because the Decision in the formal grievance was non-reviewable and final by the [government’s] own rules.” He cites
 
 McClary v. United States,
 
 775 F.2d 280 (Fed.Cir.1985), and
 
 Kennedy v. United States,
 
 5 Cl.Ct. 792 (1984), as establishing such an independent cause of action. The Court of Federal Claims rejected this asserted ground of jurisdiction, based on Mr. Collier’s failure to establish entitlement to back pay. The court stated, “This Court need not rule on the Government’s argument regarding the exclusive jurisdiction of the Civil Service Reform Act of 1978 because the rationale used by the Federal Circuit in
 
 Smith
 
 is sufficient to dismiss this count for lack of jurisdiction.”
 
 Collier,
 
 56 Fed. Cl. at 359 n. 3.
 

 In
 
 Kennedy
 
 the employee sued for lost salary resulting from a suspension of less than 14 days. Since suspensions of less than 14 days are not appealable to the Merit Systems Protection Board, Mr. Kennedy asserted a right of direct appeal to the Claims Court. That court observed that “Prior to the enactment of the [Civil Service .Reform Act], the United States Court of Claims exercised jurisdiction over cases where a substantive right to receive a certain sum of money was conferred on the plaintiff by statute or regulation and where the plaintiff had been unconstitutionally deprived of that money,”
 
 Kennedy,
 
 5 Cl.Ct. at 793, and denied the govern-
 
 *1334
 
 merit’s motion to dismiss Kennedy’s claim for lack of jurisdiction. In
 
 McClary
 
 the Federal Circuit held that the Claims Court did not have jurisdiction of the appeal, based on
 
 Kennedy,
 
 specifically because McClary did have the right of review of the adverse action by the Merit Systems Protection Board. These cases do not help Mr. Collier, for he was not subject to an adverse employment action and he did not possess “a substantive right to receive a certain sum of money ... conferred on [him] by statute or regulation.”
 
 See United States v. Fausto,
 
 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988) (holding that there is no right of review in the Court of Federal Claims under the Tucker Act or the Back Pay Act of an employment claim for which administrative or judicial review is precluded by the Civil Service Reform Act);
 
 Romero v. United States,
 
 38 F.3d 1204 (Fed.Cir.1994). The court correctly held that there is no independent right of action, for there was no removal of a right to receive payment.
 

 On the issues and arguments raised in the grievance procedure and appealed to the Court of Federal Claims, the dismissal is
 

 AFFIRMED.
 

 [1]
 

 .
 
 Collier v. United States,
 
 56 Fed.Cl. 354 (2003).