Michael A. DALUZ, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 05–368C.

United States Court of Federal Claims.

Sept. 27, 2006.

Gregory C. Ward, Ward Kim LLLP, Fort Lauderdale, Florida, counsel for Plaintiff.

Doris S. Finnerman, United States Department of Justice, Civil Division, Washington, D.C., counsel for Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

BRADEN, Judge.

## I. RELEVANT FACTS[1]

In June 1998, Plaintiff was hired as a GS–7 Psychology Technician at the Department of Veterans Affairs Medical Center in Miami, Florida ("Medical Center"). *See* Am. Compl. ¶ 5. On or about July 2001, the Medical Center discharged Plaintiff for violations of leave policy. *See* Gov't Mot. Dis. at 2 n. 1 (citing *Daluz v. Dep't of Veterans Affairs*, No. AT–0752–01–0820–I–1 (M.S.P.B. June 10, 2002) (initial decision) at 1–2).

During Plaintiff's employment at the Medical Center, he was subject to a Collective Bargaining Agreement between the Department of Veterans Affairs and the American Federation of Government Employees ("CBA"). *See* Am. Compl. Ex. (1997 Master Agreement between the Department of Veterans Affairs and the American Federation of Government Employees). The CBA states, in relevant part, that: "[A] General Schedule employee who performs the grade-controlling duties of a higher-graded position for at least 25% of his time ... shall be temporarily promoted." Am. Compl. Ex. at 33.

On August 16, 2001, Plaintiff appealed his termination to the Merit Systems Protection Board ("MSPB"). *See* Gov't Mot. Dis. Ex. 1 at 1. On June 10, 2002, the MSPB issued an initial decision upholding the Medical Center's decision to terminate. *Id.* at 21. On November 26, 2002, the MSPB's decision became final when Plaintiff's Petition for Review was denied. *See Daluz v. Dep't of Veterans Affairs*, 93 M.S.P.R. 300 (Nov. 26, 2002).

## II. PROCEDURAL BACKGROUND

On March 3, 2005, a Complaint was filed in the United States Court of Federal Claims seeking Plaintiff's retroactive temporary promotion at the Medical Center and money damages. Compl. ¶¶ 21–35. The Complaint alleges that Plaintiff was required to perform certain tasks beyond the scope of his employment at the Medical Center, including: conducting group therapy sessions; counseling individual patients as part of a research study program; and preparing follow-up reports on these individual counseling sessions. *Id.* ¶¶ 14–15. The Complaint alleges that these tasks should have been performed by GS–11 or higher graded employees. *Id.* In addition, the Complaint asserts that, under the terms of the CBA, Plaintiff should have been promoted, at least on a temporary basis, by the Medical Center for the work performed beyond the scope of his job description. *Id.* ¶ 16.

1. The relevant facts recited herein were derived from: the March 14, 2005 Complaint ("Compl."); Defendant ("the Government")'s May 13, 2005 Motion to Dismiss ("Gov't Mot. Dis.") and exhibits thereto ("Gov't Mot. Dis. Ex."); Plaintiff's January 11, 2006 Amended Complaint ("Am.Compl.") and exhibit thereto ("Am.Compl.Ex."); the Government's January 18, 2006 Renewed Motion to Dismiss ("Gov't Renew. Mot. Dis."); Plaintiff's March 8, 2006 Response ("Pl.Resp."); and the Government's May 9, 2006 Reply ("Gov't Reply").

On May 13, 2005, the Government filed a Motion to Dismiss, pursuant to Rule 12(b)(1) of the United States Court of Federal Claims ("RCFC"). On January 11, 2006, Plaintiff filed an Amended Complaint asserting four causes of action: (1) breach of contract for the Medical Center's failure to abide by the terms of the CBA and damages; (2) "a writ of mandamus," instructing the Medical Center to award Plaintiff a temporary promotion retroactive to July 1998; (3) a declaratory judgment that Plaintiff is entitled to a temporary promotion, under the terms of the CBA, as of July 1998; and (4) an award under the Back Pay Act[2], 5 U.S.C. § 5596, for the time Plaintiff worked at the Medical Center. *See* Am. Compl. ¶¶ 20–38.

On January 18, 2006, the Government filed a Renewed Motion to Dismiss, pursuant to RCFC 12(b)(1). On March 8, 2006, Plaintiff filed a Response. On May 12, 2006, the Government filed a Reply.

## III. DISCUSSION

### A. Jurisdiction.

The Tucker Act is the principal statute establishing the jurisdiction of the United States Court of Federal Claims. *See* 28 U.S.C. § 1491. Under the Tucker Act, the court has "jurisdiction to render judgment upon any claims against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Therefore, in order to pursue a substantive right, a plaintiff must identify and plead a separate contractual relationship, constitutional provision, federal statute, and/or agency regulation that provides a substantive right to money damages for the court to have jurisdiction. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir.2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act."); *see also Roth v. United States*, 378 F.3d 1371, 1384 (Fed.Cir.2004) ("Because the Tucker Act itself does not provide a substantive cause of action, however, a plaintiff must find elsewhere a money-mandating source upon which to base a suit."); *Khan v. United States*, 201 F.3d 1375, 1378 (Fed.Cir.2000) ("[T]he plaintiff 'must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.' ") (quoting *James v. Caldera*, 159 F.3d 573, 580 (Fed.Cir.1998)).

Therefore, a plaintiff must demonstrate that the source of substantive law upon which the claim relies "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *see also Testan*, 424 U.S. at 400, 96 S.Ct. 948.[3] In the

---

2. The Back Pay Act states, in relevant part, that:

(b)(1) An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—

(A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect—

(i) an amount equal to all or any part of the pay, allowances, or differentials, as ap-

plicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period; and

(ii) reasonable attorney fees related to the personnel action[.]

\* \* \*

(b)(5) ... "personnel action" includes the omission or failure to take an action or confer a benefit.

5 U.S.C. § 5596.

3. In considering the money-mandating requirement of the Tucker Act, the United States Supreme Court has held that: "This 'fair interpre-

"parlance of the Tucker Act cases, that source must be 'money-mandating.'" *Id.*

### B. Standard For Decision On Motion To Dismiss, Pursuant to RCFC 12(b)(1).

A challenge to the "court's general power to adjudicate in specific areas of substantive law ... is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir.1999); *see also Fisher v. United States,* 402 F.3d 1167, 1173 (Fed.Cir.2005) ("If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act."); RCFC 12(b)(1).

In deciding a motion to dismiss, the court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995). Nevertheless, Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question, it [is] incumbent upon [plaintiff] to come forward with evidence establishing the court's jurisdiction.").

### C. Resolution Of The Government's Motion To Dismiss.

#### 1. The Court Does Not Have Jurisdiction To Adjudicate An Alleged Breach Of A Collective Bargaining Agreement.

The Amended Complaint's first claim seeks money damages for the Medical Center's alleged breach of the CBA. *See* Am. Compl. ¶ 20–22. This claim assumes Plaintiff was a beneficiary of the CBA and that the Medical Center breached the CBA by failing to award Plaintiff a temporary promotion. *Id.* The Amended Complaint, however, does not state a separate statutory or regulatory basis for seeking money damages for this alleged breach. *Id.*

■ Plaintiff argues that the CBA provides the court with jurisdiction under the Tucker Act. *See* Pl. Resp. at 5–6 ("[T]his court has recently considered claims similar to Plaintiff's and allowed them to proceed to trial.") (citing *Jaynes v. United States,* 68 Fed.Cl. 747 (2005)). Mr. Daluz's claim in this case, however, is distinguishable from *Jaynes,* where plaintiffs' suit for wages under the Back Pay Act, was not solely dependant on an alleged breach of a collective bargaining agreement. *See Jaynes,* 68 Fed.Cl. at 749 *("Federal statute and regulations mandate* that federal civilian workers, whose positions are covered by the Federal Wage System ... and who are paid on an hourly basis in accordance with a local prevailing-rate pay schedule, receive additional compensation ... when exposed to working conditions or hazards that fall within one of the categories determined by OPM." (citations omitted) (emphasis added)); *see also id.* at 751–52 ("Plaintiffs base their claim on: 1) the Government's failure to pay back pay for high work as defined in OPM Regulatory Appendix A, part I.2(b)(1) and (b)(2) 'in violation of' the Back Pay Act, ... and 2) the Government's failure to pay for high work performed during adverse conditions in violation of Appendix II of the [collective bargaining agreement] and OPM Regulatory Appendix A, part I.2.(b)(3)[.]" (citations omitted)).

The United States Court of Appeals for the Federal Circuit has held that "all federal

tation' rule demands a showing demonstrably lower than the standard for the initial waiver of sovereign immunity.... It is enough, then, that a statute creating a Tucker Act right be *reasonably amenable* to the reading that it mandates a right of recovery in damages. While the premise to a Tucker Act claim will not be 'lightly inferred' ... a *fair inference* will do." *United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472–73, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003) (citations

omitted). The United States Court of Appeals for the Federal Circuit has recognized, but not resolved, that the United States Supreme Court, in restating the money-mandating test, may have made it less stringent. *See Fisher v. United States,* 402 F.3d 1167, 1173–74 (quoting *White Mountain,* 537 U.S. 465, 123 S.Ct. 1126). For the purposes of this case, under either interpretation, the court does not have jurisdiction over the claims alleged in the Amended Complaint.

employees ... serve[ ] by appointment. The terms of their employment and compensation, consequently [are] governed exclusively by statute, not contract." *Adams v. United States*, 391 F.3d 1212, 1221 (Fed.Cir.2004); *see also Chu v. United States*, 773 F.2d 1226, 1229 (Fed.Cir.1985) ("[A]bsent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than any contractual or quasi-contractual relationships with the government."). Accordingly, in this case, the alleged breach of the CBA, standing alone, does not establish jurisdiction under the Tucker Act. *See Todd*, 386 F.3d at 1094 (holding that a third-party beneficiary of a collective bargaining agreement does not have standing to seek back pay for an alleged violation of the agreement); *see also Collier v. United States*, 379 F.3d 1330, 1331–32 (Fed.Cir.2004) (holding that a performance plan entered into between a federal employee and his supervisor does not constitute an enforceable employment contract for establishing jurisdiction under the Tucker Act); *Zaccardelli v. United States*, 68 Fed. Cl. 426, 433 (2005) ("The [collective bargaining agreement] does not constitute an express or implied contract for employment with the United States for purposes of Tucker Act jurisdiction.").

Without a separate statutory or regulatory basis for establishing jurisdiction, Plaintiff cannot establish jurisdiction under the Tucker Act for an alleged violation of the CBA. Therefore, the court does not have jurisdiction to adjudicate Plaintiff's claim for money damages arising from the alleged breach of the CBA.

### 2. The Court Does Not Have Jurisdiction To Grant A Writ Of Mandamus.

■ The Amended Complaint's second claim seeks "a writ of mandamus, instructing the [Medical Center] to award Mr. Daluz his temporary promotion retroactive to July of 1998[.]" Am. Compl. ¶ 25. Plaintiff argues that the court's jurisdiction to issue a writ of mandamus was authorized by *Testan*. *See* Pl. Resp. at 8–9. In that case, the United States Supreme Court held that the Court of Claims did not have jurisdiction to reclassify government employees and award them back pay based on that retroactive reclassification. *See Testan*, 424 U.S. at 404, 96 S.Ct. 948. The Court, however, suggested that plaintiffs could seek "[a] second possible avenue of relief ... by way of mandamus, under 28 U.S.C. § 1361, in a proper *federal district court.*" *Id.* at 403, 96 S.Ct. 948 (emphasis added). Mandamus jurisdiction under 28 U.S.C. § 1361 lies exclusively in federal district courts. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

Since the United States Court of Federal Claims does not have jurisdiction to issue a writ of mandamus, Plaintiff's claim for such relief must be dismissed.

### 3. The Court Does Not Have Jurisdiction To Adjudicate Plaintiff's Declaratory Judgment In This Case.

■ The Amended Complaint also seeks a declaratory judgment that Plaintiff was entitled to a temporary promotion. *See* Am. Compl. ¶¶ 27–33. The court, however, can only award equitable relief that is "incident of and collateral to" a money judgment. *See* 28 U.S.C. § 1491(a)(2); *see also Roth v. United States*, 378 F.3d 1371, 1384 (Fed.Cir. 2004) ("[T]he [United States] Court of Federal Claims does not possess general equity jurisdiction[ ] under the Tucker Act[.]"); *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed.Cir.2003) ("[T]he [United States] Court of Federal Claims does not have general equity jurisdiction[.]").

■ Since Plaintiff does not have an equitable claim that is "incidental of and collateral to" a monetary judgment, the court does not have jurisdiction to adjudicate Plaintiff's declaratory judgment claim.

### 4. The Court Does Not Have Jurisdiction To Adjudicate Plaintiff's Back Pay Claim.

■ In addition, the Amended Complaint requests that "[once] this Court determines

that Mr. Daluz is entitled to either a Writ of Mandamus or declaratory relief in his favor, Mr. Daluz requests the award of back pay pursuant to the Back Pay Act[.]" Am. Compl. ¶ 38. The Amended Complaint, however, alleges no separate statutory basis for this claim. *Id.* ¶¶ 34–38. Since the court does not have jurisdiction to adjudicate Plaintiff's claims for a writ of mandamus or for declaratory judgment in this case, *ipso facto,* the court does not have jurisdiction over Plaintiff's back pay claim.

Assuming, *arguendo,* that an award under the Back Pay Act does not require the court to issue either of the equitable remedies requested, nevertheless, the court still does not have jurisdiction over the claims in this case. The Back Pay Act is limited only to those situations where the plaintiff seeks the benefits of a position to which he has already been appointed. *See Testan,* 424 U.S. at 406, 96 S.Ct. 948 ("[T]he federal employee is entitled to receive only the salary of the position to which he was appointed, even though he may have performed the duties of another position or claims he should have been placed in a higher grade."); *see also Collier,* 379 F.3d at 1332–33 (holding that the Back Pay Act does not apply when a plaintiff seeks "the pay of a higher position whose duties [are] temporarily performed as part of his appointed position"); *Todd,* 386 F.3d at 1094–95 (holding that the United States Court of Federal Claims lacked jurisdiction to award monetary damages for back pay based upon an allegation that plaintiffs' work site was improperly classified). Since Plaintiff was never appointed to the higher-graded position, he cannot recover under the Back Pay Act for the Medical Center's decision not to award him a temporary promotion.

Plaintiff seeks to distinguish *Testan,* arguing that the court should award Plaintiff back pay because the temporary promotion was mandatory under the terms of the CBA. *See* Pl. Resp. at 6–7 (citing *Brown v. Secretary of the Army,* 918 F.2d 214 (D.C.Cir.1990)). Plaintiff argues that since the Medical Center did not award Plaintiff a mandatory promotion under the CBA, it improperly failed to confer a benefit and must compensate Plaintiff under the Back Pay Act. *Id.*

Two years after *Testan* was decided, Congress amended the Back Pay Act as part of the Civil Service Reform Act. *See* Pub.L. 95–454, § 702 (1978) (codified at 5 U.S.C. § 5596). Covered personnel actions were defined to include "the omission or failure to take an action or confer a benefit." *Id.* The United States Court of Appeals for the D.C. Circuit in *Brown* examined the impact of this change in light of the Act's continuing requirement that an affected employee must "suffer a 'withdrawal' of or 'reduction' in compensation" in order to recover under the Act. *See Brown,* 918 F.2d at 219. That federal appellate court ruled that "Congress intended the 1978 amendment to cover unlawful failures to promote of a certain, *precisely limited,* kind." *Id.* (emphasis added). Therefore, an "employee will be treated as one 'duly appointed' to the higher position, so that failure to confer the benefit constitutes a 'withdrawal' or 'reduction' in compensation," when "an upgrade is mandatory once specified conditions are met." *Id.* at 220.

It is important to recognize that the United States Court of Appeals for the D.C. Circuit relied directly on a prior decision of the United States Court of Appeals for the Federal Circuit in a similar case determining when an upgrade was "mandatory." *Id.* ("Guided by *Spagnola,* we comprehend the 1978 Back Pay Act definitional amendment to mean that if an upgrade is mandatory once specified conditions are met, the Act now affords a retrospective remedy.") In *Spagnola v. Stockman,* 732 F.2d 908 (Fed.Cir. 1984), a federal employee sought back pay, after being illegally detailed to a higher-graded position, without additional compensation. *Id.* at 908–09. The United States Court of Appeals for the Federal Circuit held that "the 1978 amendment [to the Back Pay Act] was *not* designed to provide payment for all [personnel] actions which should or might well have been taken, but only for those payments or benefits which were *required* by law (a statute or regulation)." *Id.* at 912 (emphasis in original).

Accordingly, Plaintiff's temporary promotion must have been required by law or regulation. *Id.* Since the Amended Complaint fails to plead any such law or regula-

tion, the court does not have jurisdiction over Plaintiff's back pay claim.

## IV. CONCLUSION

For the aforementioned reasons, the Government's January 18, 2006 Renewed Motion to Dismiss is granted. The Clerk of the United States Court of Federal Claims is directed to dismiss the January 11, 2006 Amended Complaint, without prejudice.

**IT IS SO ORDERED.**