# In the United States Court of Federal Claims

No. 24-1992C

(Filed: August 21, 2025)

**NOT FOR PUBLICATION**

```
**************************************
AARON M. ACKLAND,                    *
                                     *
              Plaintiff,             *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
              Defendant.             *
                                     *
**************************************
```

## OPINION AND ORDER

Plaintiff Aaron M. Ackland, proceeding *pro se*, claims that the United States breached a contract regarding his pay grade. *See* Compl. at 1, 4 (ECF 1). The government has moved to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. *See* Mot. (ECF 12); Resp. (ECF 14); Reply (ECF 15); *see also* RCFC 12(b)(1); RCFC 12(b)(6). The motion is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See* 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)) (explaining that *pro se* litigants are "entitled to

a liberal construction of [their] pleadings"). In addition, to survive a motion to dismiss for failure to state a claim, plaintiffs must sufficiently "plead[] facts upon which a valid claim can rest." *El Bey v. United States*, 152 Fed. Cl. 777, 780 (2021) (quoting *Stroughter v. United States*, 89 Fed. Cl. 755, 760 (2009)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

I take the following facts as true. *See Iqbal*, 556 U.S. at 678. Plaintiff is an employee of the Federal Bureau of Investigation ("FBI"). Compl. at 1. He sought a voluntary step-down in his pay grade. *Id.* at 2. In the course of communicating with the FBI's human resources department, he received information related to eligibility for a future pay increase after the step-down. *Id.* at 2–3. He then accepted the step-down by signing a "Statement of Understanding," which described the reduction in pay but did not repeat the information Plaintiff had received about eligibility for pay increases. *Id.* at 3, 5; Compl. Ex. 2. The FBI later took the position that the information Plaintiff had received about pay increases was inconsistent with applicable regulations, and so Plaintiff did not receive the pay increases he expected. Compl. at 4; Compl. Ex. 3.

Plaintiff claims that the FBI breached the Statement of Understanding. But that argument fails for at least two reasons.

First, the Statement of Understanding was not a contract that conferred any employment rights on Plaintiff. Plaintiff's employment with the FBI was by appointment, not by contract. *See* 28 U.S.C. § 536 (providing that FBI employees "occupy positions in the excepted service"); 5 U.S.C. § 2103(a) ("For the purpose of this title, the 'excepted service' consists of those civil service positions which are not in the competitive service or the Senior Executive Service."); 5 U.S.C. § 2105(a)(1) ("'[E]mployee', ... means ... an individual who is — (1) appointed in the civil service[.]"); *see also Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed. Cir. 1995) (citing *Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985)). An employee's status as an appointee excludes any contractual employment rights. *Collier v. United States*, 56 Fed. Cl. 354, 356–57 (2003), *aff'd*, 379 F.3d 1330 (Fed. Cir. 2004). "[Plaintiff's] right to government employment was thus based not on any contract or agreement with the United States, but on the statutes and regulations governing the appointment." *Brockmeier v. United States*, No. 21-917C, 2021 WL 2555489, at *2 (Fed. Cl. June 22, 2021) (quoting *Butler v. Pennsylvania*, 51 U.S. 402, 416 (1850)).

Plaintiff does not appear to argue that the applicable regulations, correctly interpreted, actually entitle him to a pay increase. He instead concedes that he received "misstatements" from the human resources department. Resp. at 3. If the information he received was inaccurate, that is obviously unfortunate, but the

regulations control. Contract-based claims by government appointees must be dismissed under RCFC 12(b)(1) for lack of jurisdiction. *Hamlet*, 63 F.3d at 1102.

Second, even if the Statement of Understanding were a contract, it does not entitle Plaintiff to any pay increases on its own terms. As mentioned, the Statement of Understanding did not repeat the representations Plaintiff had received from the human resources department about future pay increases. Plaintiff concedes that the Statement of Understanding did not speak to the subject. Resp. at 4. Although Plaintiff characterizes that silence as an ambiguity, *id.* at 4–5, it really means that the Statement of Understanding has no legal content relevant to the right Plaintiff alleges. Nor does Plaintiff explain how a legally mistaken communication from the human resources department could have established a contract, let alone an implied contract on the same subject as the Statement of Understanding. *See Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1326 (Fed. Cir. 1997).

Plaintiff thus cannot point to any enforceable promise the government breached. That means Plaintiff cannot show a breach of contract, *see Fields v. United States*, 147 Fed. Cl. 352, 355 (2020) (citing *San Carlos Irrigation & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989)), *aff'd,* 844 F. App'x 372 (Fed. Cir. 2021), so the Complaint would also have to be dismissed under RCFC 12(b)(6) for failure to state a claim. *Acadiana Mgmt. Grp., LLC v. United States*, No. 19-496C, 2025 WL 1802460, at *5 (Fed. Cl. June 30, 2025) (citing *Allen v. United States*, 100 F.3d 133, 135 (Fed. Cir. 1996)).

## CONCLUSION

Defendant's Motion to Dismiss (ECF 12) is **GRANTED**. The case is **DISMISSED** for lack of jurisdiction or, in the alternative, for failure to state a claim.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge